**Mark D. MORGAN, Plaintiff–Appellant**

v.

**Jerry BARTRUFF; Gail Huckins; Kelli Collins; Kevin Weideman; Pamela Benson; Clarence Key; Elizabeth Robinson; Karen Muelhaupt; Lawrence James; Richard Boardwell; Nancy Boyd; Walter Reed, Jr.; Steven Young; Barbara Western; Daren Jacques; Doris Kelley; Jim Felker; W. Thomas Phillips; Robyn Mills; Arthur Neu; David Erickson; Michael Sadler; Charles Larson; John Chalstrom; Nancy Turner; Sheryl Griffith; Johnie Hammond; Michael Coleman, Rev.; John Baldwin; Fred Scaletta; Jerry Burt; Sheryl Lockwood; Daniel Craig; Greg Ort, Defendants–Appellees.**

No. 13–1828.

United States Court of Appeals, Eighth Circuit.

Submitted: Nov. 27, 2013.

Filed: Nov. 29, 2013.

Mark D. Morgan, Coralville, IA, pro se.

H. Loraine Wallace, Attorney General's Office, Des Moines, IA, for Defendants–Appellees.

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

PER CURIAM.

Mark Morgan appeals the district court's[1] adverse judgment in his 42 U.S.C. § 1983 action arising from his present lack of access to sex-offender treatment and current inability to be heard and considered for parole eligibility. Following careful de novo review, *see Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir.2011), we agree with the district court that Morgan failed to state an equal protection claim, *see Patel v. United States Bureau of Prisons,* 515 F.3d 807, 815 (8th Cir.2008), or a due process claim, *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Strutton v. Meade,* 668 F.3d 549, 557 (8th Cir.), *cert. denied,* —— U.S. ——, 133 S.Ct. 124, 184 L.Ed.2d 27 (2012); *Callender v. Sioux City Residential Treatment Facility,* 88 F.3d 666, 669–70 (8th Cir.1996); *Stewart v. Davies,* 954 F.2d 515,

---

1. The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

516 (8th Cir.1992). We also agree that Morgan did not allege that any named defendant was responsible for his lack of access to his minor children.

Accordingly, we affirm the judgment of the district court, and we deny Morgan's motion for appointment of counsel. *See* 8th Cir. R. 47B.